UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILBUR TISHAN ALI,

    Petitioner,

v.                                  Case No. 8:24-cv-2597-WFJ-CPT

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**<u>ORDER</u>**

    Wilbur Tishan Ali is a Florida prisoner serving a seven-year sentence for burglary of an occupied dwelling. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). On November 7, 2024, the Court gave Mr. Ali thirty days to show cause why his petition should not be dismissed as untimely. (Doc. 2). The deadline passed without a response from Mr. Ali. For the reasons explained below, Mr. Ali's petition is dismissed as untimely. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (district court may "*sua sponte* dismiss[] [a] § 2254 petition [for untimeliness] after giving [petitioner] notice of its decision and an opportunity to be heard in opposition").

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This

limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

On July 29, 2021, Mr. Ali pled guilty to one count of burglary of an occupied dwelling and was sentenced to seven years' imprisonment. (Doc. 2-2). Although he initially pursued a direct appeal, he later moved to voluntarily dismiss the appeal. That motion was granted on December 7, 2022. (Doc. 2-4). Thus, the judgment became final ninety days later, on March 7, 2023. *See Harter v. Sec'y, Dep't of Corr.,* No. 8:08-cv-202-JDW-EAJ, 2011 WL 761546, at *2 (M.D. Fla. Feb. 24, 2011) ("Petitioner's judgment became final on May 14, 2003, ninety days after the appellate court dismissed his direct appeal of the [] judgment on February 13, 2003.").

The AEDPA clock began to run the next day—March 8, 2023. A review of the state-court docket reveals that Mr. Ali did not file any tolling applications during the one-year limitation period. (Doc. 2-1). Thus, the limitation period ran uninterrupted until it expired on March 7, 2024. As a result, Mr. Ali's § 2254 petition—filed on October 28, 2024—is untimely by several months.[1]

---

[1] Under the prison mailbox rule, "the date of filing of the petitioner's pleadings is the date file stamped by the prison authorities, and if that is unavailable, then it is the date petitioner signed the pleading." *Lara v. Jones*, No. 16-22121-CIV, 2018 WL 11316614, at *1 n.1 (S.D. Fla. Oct. 24, 2018), *adopted by* 2021 WL 1838205 (S.D. Fla. May 7, 2021). Mr. Ali's petition is marked with an institutional stamp (which Mr. Ali himself initialed), confirming that it was received by prison authorities for mailing on October 28, 2024. (Doc. 1 at 1). Accordingly, the petition is deemed filed on that date. *See Ferguson v. United States*, No. 16-20773-CR, 2018 WL 11251704, at *3 (S.D. Fla. Oct. 9, 2018) ("[Movant's] motion is deemed filed on

In its show-cause order, the Court gave Mr. Ali an opportunity to establish that he is entitled to equitable tolling, or that the actual-innocence exception overcomes the time bar. (Doc. 2 at 3). As noted above, Mr. Ali did not respond to the show-cause order. Thus, there is no basis to excuse the untimely filing of the petition.

Accordingly, it is **ORDERED** that:

1. Mr. Ali's petition (Doc. 1) is **DISMISSED as untimely**.

2. The **CLERK** is directed to enter judgment against Mr. Ali and to **CLOSE** this case.

3. Mr. Ali is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Ali must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is untimely, Mr. Ali cannot satisfy the second prong of the *Slack* test. And because Mr. Ali is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on December 17, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

August 7, 2018, the date prison officials stamped it as received."), *adopted by* 2018 WL 11251705 (S.D. Fla. Nov. 5, 2018).